UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEXT STEP FRANCHISING, LLC,<br>  a Delaware limited liability company,<br><br>                    Plaintiff,<br><br>              v.<br><br>WTC PARTNERS,<br>  an Illinois partnership,<br><br>                  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No.:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

This is an action for breach of contract. Defendant has breached an option to assume lease agreement with Plaintiff by, among other things, failing to honor Plaintiff's exercise of its option to assume the lease at issue. Accordingly, Plaintiff seeks an order, among other things, declaring that Defendant has breached the option to assume lease agreement, and specifically ordering Defendant to comply with its obligations under that agreement. Furthermore, Plaintiff seeks a declaration that the option to purchase the subject property, which is contained in the underlying lease, is valid and exercisable by Plaintiff upon its assumption of the lease.

**Parties**

1.    Plaintiff Next Step Franchising LLC ("Next Step"), is a Delaware limited liability company with its principal place of business located at 962 Washington Street in Hanover, Massachusetts. Each of Next Step's members is a citizen of the Commonwealth of Massachusetts. Next Step is engaged in the business of franchising independent

businesspersons to operate Lapels Dry Cleaning businesses throughout the United States.

2. WTC Partners ("WTC") is, upon information and belief, an Illinois general partnership with its principal place of business located at 827 Harlem Avenue in Glenview, Illinois. Upon information and belief, each of WTC's partners is a citizen of the state of Illinois. WTC owns the real property located at 819 Ridge Road in Wilmette, Illinois (the "Ridge Road Store"). It leases the Ridge Road Store to Fahim Zuberi, who operates a franchised Lapels Dry Cleaning business from the location.

### Jurisdiction and Venue

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). The amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

5. This Court has *in personam* jurisdiction over Defendant because it is a resident or citizen of this District, it conducts business in this District, or a substantial part of the events giving rise to these claims occurred in this District.

### Background Facts – The Lease and Next Step's Option to Assume the Lease

6. Next Step is the franchisor of the Lapels Dry Cleaning franchise system.

7. On April 12, 2018, WTC entered into a sixty-month Commercial Lease with Fahim Zuberi (the "Lease"), pursuant to which Zuberi leased the Ridge Road Store from WTC for the purpose of operating a franchised Lapels Dry Cleaning business.

8. Under Section 25 of the Lease, Zuberi and WTC agreed that during the first 36 months of the Lease's term, Zuberi, as the lessee, would have the "sole and exclusive right to purchase the [Ridge Road Store], for the price of Four Hundred Thirty ($430,000.00) Thousand Dollars (the "Purchase Option").

9. On October 5, 2018, WTC, Zuberi, and Next Step entered into an Option to Assume Lease, under which WTC agreed that Next Step would have the option to assume the Lease if Zuberi defaulted.

10. Under Paragraph 2 the Option to Assume Lease, WTC agreed to give Next Step written notice, "by nationally recognized overnight courier," of its termination of the Lease as a result of Zuberi's default.

11. Under Paragraph 3 of the Option to Assume Lease, upon receipt of that notice, Next Step has 30 days to notify WTC of its decision to assume the Lease. And the parties agreed that if Next Step exercises its right to assume the Lease, WTC must deliver possession of the Ridge Road Store to Next Step. Upon delivery, Next Step must immediately cure all of Zuberi's monetary defaults under the Lease, and begin curing any nonmonetary defaults. Paragraph 3 further provides that upon exercising its right to assume the lease, Next Step will execute an agreement, in a form acceptable to WTC, pursuant to which Next Step agrees to assume all of Zuberi's rights and obligations under the Lease, including the Purchase Option (under Paragraph 4, certain conditions were placed on the rights and obligations assumed by Next Step upon its exercise of the option, but they are irrelevant for present purposes).

**Background Facts – WTC's Termination of the Lease and Breach of the Option to Assume Lease Agreement**

12. On February 17, 2020, WTC sent Zuberi a Notice of Default notifying him that he was in default of the Lease for failing to pay money owed under the Lease. The Notice of Default Stated that if Zuberi failed to pay the amounts owed within ten days, his right to possession of the Ridge Road Store would be terminated.

13. Acknowledging Next Step's right to assume the Lease pursuant to the

Option to Assume Lease agreement, WTC copied Next Step on the Notice of Default.

14. On or around April 30, 2020, WTC orally notified Zuberi that the Lease was terminated based on his default by failing to pay amounts owed; that it required him to vacate the Ridge Road Store by July 1, 2020; and that it would change the locks on the premises at the end of May if he had not started to vacate the premises.

15. In a May 1, 2020 email from WTC's counsel to Next Step, WTC took the position—albeit erroneous for the reasons described below—that Next Step had "elected not to pursue the right available to [it] under the option to assume lease agreement," after receiving the February 17, 2020 Notice of Default.

16. WTC never sent Next Step the written notice of Lease termination required by Paragraph 2 of the Option to Assume Lease to trigger Next Step's 30-day window to exercise its option to assume the Lease.

17. Still, after it became clear to Next Step that WTC intended to terminate the Lease, by letter dated May 13, 2020, Next Step notified WTC, in accordance with the Option to Assume Lease's notification requirements, that it was exercising its option to assume the Lease. Next Step's May 13 letter further demanded that WTC deliver possession of the Ridge Road Store to Next Step, and stated that Next Step was prepared to fulfill its obligations under the agreement to immediately cure Zuberi's monetary defaults, begin curing his nonmonetary defaults, and execute an agreement, in a form acceptable to WTC, pursuant to which Next Step would assume all of Zuberi's rights and obligations under the lease (subject to the exclusions provided for in the Option to Assume Lease).

18. In addition, through the May 13 letter, Next Step notified WTC that, upon

assuming Zuberi's rights and obligations under the Lease, as the new lessee, it would exercise the Purchase Option in the Lease.

19. WTC, through its counsel, has informed Next Step that WTC has rejected Next Step's exercise of its contractual right to assume the Lease and that WTC will not honor its contractual obligations under the Option to Assume Lease agreement.

20. WTC has also taken the position that the Purchase Option was forfeited as of February 3, 2020, after Zuberi failed to make required payments under the option. The Purchase Option has not been forfeited. Among other things, WTC failed to provide Zuberi the cure period required under the Lease for any default, and, pursuant to the Option to Assume Lease, Next Step is entitled to assume the Purchase Option, along with Zuberi's other rights and obligations under the Lease, and cure any related defaults.

## COUNT I
### (Breach of Contract)

21. The allegations of paragraphs 1 through 20 are hereby incorporated by reference.

22. The Option to Assume Lease is a valid, binding, and enforceable contract between Next Step and WTC.

23. Next Step has complied with the terms of the Option to Assume Lease and/or is ready, willing, and able to perform its part of the contract.

24. WTC has failed and refused to perform its part of the contract. The failure of WTC to send Next Step written notice of WTC's termination of the Lease and WTC's failure to honor Next Step's exercise of its option to assume the lease, including by turning over possession of the Ridge Road Store to Next Step, constitute breaches of the

contractual obligations and agreements undertaken by WTC in the Option to Assume Lease.

25. No adequate remedy at law exists for WTC's breach.

## COUNT II
### (Declaratory Relief)

26. The allegations of paragraphs 1 through 25 are hereby incorporated by reference.

27. Next Step has informed WTC of its intention to immediately exercise the Purchase Option upon its assumption of the Lease.

28. WTC has taken the position that the Purchase Option has been terminated and Next Step disputes that position.

29. An actual, substantial, and immediate controversy exists over Next Step's right to exercise the Purchase Option upon its assumption of the Lease pursuant to the Lease Option Agreement.

30. Next Step is entitled to declaratory relief declaring that the Purchase Option has not been terminated and that Next Step is entitled to exercise that option upon its assumption of the Lease.

### **Prayer for Relief**

WHEREFORE, Plaintiffs pray that this Court:

a. Enter an order declaring that WTC Partners' conduct violated the terms of the Option to Assume Lease agreement;

b. Enter an order declaring that Next Step has validly exercised its option, under the Option to Assume Lease agreement, to assume the Commercial Lease between

Fahim Zuberi and WTC Partners;

      c.      Enter an order declaring that Next Step Franchising, LLC is entitled to execute an agreement, in a form acceptable to WTC Partners, pursuant to which Next Step Franchising, LLC, assumes all of Fahim Zuberi's rights and obligations under the Commercial Lease, subject to any exceptions or conditions contained in the Option to Assume Lease agreement;

      d.      Enter an order declaring that the Option to Purchase contained in the Commercial Lease has not been terminated, that Next Step Franchising, LLC is entitled to exercise that option upon its assumption of the Commercial Lease pursuant to the Option to Assume Lease agreement, and that any and all amounts paid by Fahim Zuberi to WTC Partners toward the purchase price of the Ridge Road Store, pursuant to the Option to Purchase, shall be applied to the purchase price of the property;

      e.      Enter an order requiring WTC Partners to specifically perform its obligations under the Option to Assume Lease agreement, including delivering possession of the Ridge Road Store to Next Step and entering into an agreement with Next Step whereby Next Step assumes the rights and obligations of Zuberi, including the Option to Purchase, as set forth in Paragraphs 3 and 4 of the Option to Assume Lease agreement;

      f.      Award Next Step judgment against WTC for any damages Next Step has incurred as a result of WTC's actions; and

      g.      Award Next Step such other relief as this Court may deem just and proper.

Respectfully submitted,

*/s/ Sara B. Oishi*
Sara B. Oishi
LATHROP GPM LLP
155 N. Wacker Drive
Chicago, Illinois  60606
Telephone:     (312) 920-3354
Sara.Oishi@Lathropgpm.com

Robert L. Zisk
Justin L. Sallis
LATHROP GPM LLP
600 New Hampshire Avenue, N.W.
The Watergate—Suite 700
Washington, D.C.  20037
Telephone:     (202) 295-2200
Robert.Zisk@Lathropgpm.com
Justin.Sallis@Lathropgpm.com

Dated:  May 18, 2020                              *Attorneys for Plaintiff*